**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

LEWIS SYKES

      v.                                                                                Civil No. 26-cv-241-JL-AJ

N.H. ATTORNEY GENERAL
JOHN FORMELLA

### REPORT AND RECOMMENDATION

Plaintiff, Lewis Sykes, proceeding pro se without counsel, filed a Complaint (Doc. No. 1) in this court, asserting that Defendant, N.H. Attorney General John Formella, is liable for damages for failing to prosecute certain individuals named in the Complaint.  The Complaint is before the court for review as to whether this court has subject matter jurisdiction over his claims, pursuant to LR 4.3(d)(3) and Fed. R. Civ. P. 12(h)(3).

### Standard

Federal courts are courts of limited jurisdiction and are authorized to consider and decide only those cases that fall within the scope of their jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  For that reason, a court "is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).  "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

> Article III of the Constitution confines the federal judicial power to "Cases" and "Controversies."  Under Article III, a case or controversy can exist only if a plaintiff has standing to sue — a bedrock constitutional requirement . . . .

United States v. Texas, 599 U.S. 670, 675-76 (2023) (citations omitted).  Standing is a

"prerequisite to a federal court's subject matter jurisdiction," and "the absence of standing may be raised at any stage of a case." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).

**Discussion**

> To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order. . . . Monetary costs are of course an injury.  But [the U.S. Supreme] Court has "also stressed that the alleged injury must be legally and judicially cognizable."  That "requires, among other things," that the "dispute is traditionally thought to be capable of resolution through the judicial process"—in other words, that the asserted injury is traditionally redressable in federal court.

Texas, 599 U.S. at 676-77 (citations omitted).

In Linda R. S. v. Richard D., 410 U. S. 614 (1973), the U.S. Supreme Court considered whether a mother seeking child support had standing to challenge the State's policy of declining to prosecute child-support violations.  Noting that the Court's prior decisions show that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," the Court observed that in "American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Id. at 619.  That "Article III standing principle" in Linda R.S. "remains the law today." Texas, 599 U.S. at 677 (holding that States lacked Article III standing to challenge Executive Branch's immigration arrest and prosecution policies).

Mr. Sykes challenges the New Hampshire Attorney General's alleged failure to prosecute certain individuals and judicial officers he names in his Complaint, who he alleges engaged in criminal acts in connection with the securitization of mortgages or promissory notes and foreclosure actions.  Mr. Sykes seeks damages for what he considers to be the N.H. Attorney

General's failure to enforce the law.  Mr. Sykes does not allege that he is personally the subject of any pending or threatened prosecution by the N.H. Attorney General.  He lacks standing to challenge the State's nonprosecution of the third parties named in his Complaint.  Accordingly, the district judge should dismiss Mr. Sykes's Complaint without prejudice for lack of subject matter jurisdiction.

### Conclusion

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety, without prejudice, for lack of subject matter jurisdiction.  Then, the Clerk of Court may enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 24, 2026

cc:    Lewis Sykes, pro se